UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MAREY ABOU-RAHMA        ]
    Petitioner,        ]
                        ]
v.                      ]        No. 3:11-1036
                        ]        Judge Sharp
HENRY STEWART, WARDEN   ]
    Respondent.        ]

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Henry Stewart, Warden of the facility, seeking a writ of habeas corpus.

**A. Background**

On February 8, 2008, the petitioner pled guilty in Davidson County to two counts of aggravated robbery and two counts of first degree felony murder.[1] For these crimes, he received two consecutive life sentences and two concurrent sentences of eight years each. Docket Entry No.14-1 at pgs.23-26.

Having pled guilty, there was no direct appeal of the convictions taken by the petitioner. Instead, the petitioner filed

---

[1] At the time the petitioner entered his plea, he was facing the possibility of the death penalty. Docket Entry No.14-3 at pg.8.

1

a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. *Id.*, at pgs.27-34. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. *Id.*, at pgs.62-73. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, Docket Entry No.14-7, and the Tennessee Supreme Court declined petitioner's invitation to further review his petition. Docket Entry No.14-9.

**B. Procedural History**

On October 28, 2011, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). In the petition, the petitioner asserts eleven (11) claims for relief. These claims include:

1) the petitioner was denied the effective assistance of counsel when his attorney
   a) failed to formulate a reasonable trial strategy;
   b) neglected "to file and request a hearing on necessary motions";
   c) failed to move for a change of venue;
   d) did not adequately consult with and advise the petitioner;
   e) did not have the experience and knowledge necessary to defend against first degree murder charges;
   f) neglected to request and utilize "expert investigative services";
   g) did not adequately investigate the case, including the petitioner's psychological issues;
   h) failed to ask that the prosecution provide all prior statements made by witnesses;

2

2) prosecutorial misconduct
   a) the prosecution failed to perform adequate testing of evidence but, if it did so, concealed the results from the petitioner;
   b) failed to disclose exculpatory evidence; and
   c) neglected to disclose any promises made to potential witnesses.

Upon receipt of the petition, the Court examined it and concluded that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is respondent's Answer (Docket Entry No.13) to the petition, to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### C. Analysis of the Claims

**1) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all

available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[2]

All of the petitioner's claims, with the exception of two ineffective assistance claims (Claim Nos.1b,1d), were never raised in the state courts during the post-conviction proceedings. *See* Docket Entry No.14-5. Unfortunately, at this late time, state court

---

[2] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

remedies for these claims (Claim Nos.1a,1c,1e,1f-h,2a-c) are no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982). The petitioner has offered no cause for his failure to exhaust these claims during his post-conviction proceedings. Nor has he shown prejudice resulting from the alleged violation. Consequently, these claims will not support an award of habeas corpus relief.

**2) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the ineffectiveness of counsel due to his failure "to file and request a hearing on

necessary motions" (Claim No.1b) and his failure to adequately consult with and advise the petitioner (Claim No.1d), were fully exhausted on the merits in the state courts.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. <u>McMann v.</u>

Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorneys' performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice, in the context of a guilty plea, arises when there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that counsel was ineffective for neglecting "to file and request a hearing on necessary motions" (Claim No.1b). More specifically, the petitioner believes that his attorney should have filed a motion to suppress a statement he made to the police and to request DNA testing of the evidence found at the crime scene.

During questioning, the petitioner admitted to the police that he was at the crime scene but that he did not shoot anyone. Docket Entry No.14-2 at pg.56. The petitioner offered nothing to suggest that this statement was coerced or involuntary. As a consequence, counsel considered a motion to suppress but ultimately decided that

7

there was no basis for such a motion. *Id.* at pg.52. The record supports counsel's decision not to file a motion to suppress. Therefore, counsel was not deficient in this respect.

The petitioner contends that counsel should have filed a motion requesting the DNA testing of evidence recovered from the crime scene, i.e., a pair of masks worn by the attackers. However, in light of the petitioner's admission to the police that he was at the crime scene, the petitioner is unable to show prejudice arising from the failure to conduct DNA testing. Consequently, this allegation also lacks merit.

The petitioner's final claim is that counsel was ineffective for failing to adequately consult with and advise him (Claim No.1d).

At the post-conviction evidentiary hearing, the petitioner testified that he was provided with all the discovery documents available and that he had read them. *Id.* at pg. 13. He further acknowledged that counsel gave his opinion as to the strengths and weaknesses of the case prior to the petitioner's guilty plea. *Id.* at pg. 15. In an effort to develop a diminished capacity defense, counsel arranged for the petitioner to be examined by mental health specialists who determined that, while the petitioner was suffering from Schizo Affective Disorder, *Id.* at pg.9, he was competent to stand trial. Docket Entry No.14-4 at pgs.12-13,31. Counsel recalled meeting with the petitioner at least five times prior to the entry

of the guilty plea. A private investigator working for the defense met with the petitioner to discuss the case on a more frequent basis. Docket Entry No.14-2 at pgs.51-52.

The petitioner was faced with the possibility of the death penalty. Counsel discussed with the petitioner the facts of the case as well as what defenses might be available to him. The pair reviewed the discovery materials provided by the prosecution. Counsel considered what, if any, pretrial motions would be appropriate. In his petition to enter a guilty plea, the petitioner stated that (1) counsel had explained all possible defenses available, (2) counsel had informed him in detail about the prosecution's evidence, (3) he understood the rights he was waiving by pleading guilty, and (4) that he was "satisfied" with his attorney's representation. Docket Entry No.14-1 at pgs.19-21.

The petitioner has failed to show that counsel's representation was deficient in any way. In any event, though, the petitioner has not provided credible proof to suggest that he would have gone to trial and faced the possibility of the death penalty but for counsel's perceived errors. Therefore, this claim will not support an award of habeas corpus relief.

### D. CONCLUSION

For the reasons noted above, the petitioner has failed to state a claim upon which habeas corpus relief can be granted. Accordingly, his petition will be denied and this action shall be

dismissed.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge